IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD R. PEVIA,                *

Plaintiff                       *

v.                              *       Civil Action No. ELH-16-3810

WEXFORD HEALTH SOURCES, INC., *et al.*,*

Defendants                      *
                               ***

## MEMORANDUM

Donald Pevia, a frequent litigator in this Court, has filed suit under 42 U.S.C. § 1983 against Wexford Health Sources, Inc. ("Wexford") and Ali Yahya, M.D.[1] Pevia, who is self-represented, is an inmate currently confined at the Western Correctional Institution. ECF 22. He alleges that, while incarcerated at North Branch Correctional Institution ("NBCI"), he was denied constitutionally adequate medical care. ECF 1.

Pending is a motion to dismiss, or, in the alternative, for summary judgment filed by Wexford and Yahya. ECF 15.[2] It is supported by a memorandum and several exhibits. Plaintiff opposes the motion[3] and seeks to add two additional defendants. ECF 19. The motion is supported by exhibits. Defendants have filed a response (ECF 20), to which plaintiff has replied. ECF 21.

---

[1] The Clerk shall amend the docket to reflect the correct names of defendants Wexford and Yahya. Plaintiff also sued "Cleargical," but he explains in ECF 19 that he meant "Collegial." As Pevia recognizes, Collegial is "a process not a person." ECF 19 at 1.

[2] Citations are to the court's electronic docket.

[3] Plaintiff's response is entitled "Motion For Summary Judgment" and "Motion To Name Actual Defendants." ECF 19. In my view, it is an opposition to the defendants' dispositive motion, rather than a motion for summary judgment. ECF 19. For the reasons that follow, the motion will be denied, without prejudice.

The court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' dispositive motion shall be denied, without prejudice, subject to renewal as herein stated. Plaintiff's combined motions for summary judgment and to add two additional defendants (ECF 19) shall also be denied.

## I. Factual Background

Plaintiff alleges that in February of 2013, he was seen by medical staff at NBCI due to his complaints that his knee "constantly slipp[ed] out of place and swell[ed] to the size of a softball." ECF 1 at 3. Plaintiff states that an x-ray was ordered and he was provided a steroid injection on an unspecified date. *Id*. Plaintiff explains that in 2006, before his incarceration, he injured his knee playing basketball, suffering a dislocation, fracture, and torn ligaments. *Id*. He claims that the torn ligaments caused his knee to "constantly slip[] out of place." Plaintiff states that between 2013 and 2016, he "has complained about his knee." *Id*.

In June of 2016, plaintiff's knee again slipped out of place. *Id*. at 3. An x-ray was ordered and plaintiff was provided analgesic pain medication. *Id*. The x-rays showed that plaintiff's knee had multiple bone spurs and that the space within his knee was decreased. *Id*. A request that plaintiff be seen by an orthopedist was submitted but denied by Wexford's collegial review process. *Id*. at 4-5. Instead, it was recommended that plaintiff undergo a steroid injection. *Id*. at 5. Plaintiff was advised that only Dr. Yahya could override the decision of "collegial." *Id*. When plaintiff saw Dr. Yahya for the injection, plaintiff states that Yahya advised him that collegial likely declined the referral to an orthopedist given that plaintiff could still walk. *Id*. at 6. Plaintiff asked if Dr. Yahya could order the consultation but he said, "no." *Id*. Yahya provided the injection (*id*. at 7) and ultimately plaintiff developed an infection at the injection site, which required additional treatment. *Id*. at 8. Another request for plaintiff to be seen by an

orthopedist was submitted in November of 2016. *Id*.

## II. Discussion

Defendants argue, *inter alia*, that they are entitled to judgment as a matter of law as the care provided to plaintiff for the June 2016 injury to his knee was constitutionally adequate. In so arguing, defendants characterize plaintiff's claim as "that he received inadequate care regarding his June 2016 left knee injury." ECF 15-3 at 18 (memorandum in support of motion). They also contend that pages 1-5 of plaintiff's opposition provide "'historical' background to his lawsuit which has no relevance to plaintiff's allegations regarding medical care for his knee after the alleged injury in June of 2016 as stated in the complaint." ECF 20 at 2, ¶ 7. In support of their motion, defendants provide plaintiff's pertinent medical records from June of 2016 through the filing of their dispositive motion (ECF 15-4) as well as the affidavit of Robustiano Barrera, M.D., in which he describes and characterizes the care plaintiff received for his knee injury, beginning in June of 2016. ECF 15-5.

The court does not read plaintiff's complaint so narrowly. Plaintiff's initial complaint specifies that he complained of problems with his knee from 2013-2016, including claims that his knee gave out during that time. In plaintiff's "opposition," he reiterates his claims that since 2013 he has tried to get proper treatment for his knee. ECF 19 at 3. The court construes plaintiff's complaint allegations as raising claims not solely of inadequate medical care arising from the June 2016 injury but rather including claims that he has been denied adequate medical care regarding his knee injury since 2013, and that the June 2016 injury was caused by a failure to properly treat his knee dating back to at least 2013. In light of defendants' failure to address these aspects of plaintiff's complaint, the pending motion for summary judgment shall be denied, without prejudice, subject to renewal within thirty days of the date of this Memorandum and the

accompanying Order.

Additionally, plaintiff's motion to amend the complaint to "name actual defendants" (ECF 19) shall be denied. Plaintiff seeks to add Nichole Braithwaite and Oliva Pyles as defendants, as their names appear on the "collegial papers" regarding consultation requests entered on plaintiff's behalf. Defendants oppose the motion. ECF 20. They indicate, via affidavit, that Olivia Pyles is a medical records technician whose duties involve processing inmate medical records. ECF 20-1, ¶ 1. Nicole Mayhew *nee* Brathwaite was formerly a specialty clinics clerk for Wexford responsible for making specialty medical appointments. *Id*. at ¶ 2.

Neither Pyles nor Mayhew was responsible for approving or disapproving medical care in regard to the records they processed. *Id*., ¶ 3. Neither is a medical provider and neither has provided, approved, or disapproved medical care for plaintiff. *Id*.

Although the court is well aware that liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, leave to amend may be denied where the proposed amendment would be prejudicial to the opposing party, or the moving party has acted in bad faith, or the amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). As it is apparent that neither Pyles nor Mayhew was personally involved in the provision or denial of medical care to plaintiff, but rather were simply clerical staff assigned to process his paperwork, Pevia's motion to amend the complaint to add Pyles and Mayhew as defendants shall be denied.

A separate Order follows.

February 26, 2018          _____/s/_____
Date          Ellen L. Hollander
         United States District Judge