# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DONALD R. PEVIA,       *

Plaintiff       *

v.       *     Civil Action No. ELH-16-3810

WEXFORD HEALTH SOURCE, INC., *et al*., *

Defendants       *
      ***

## MEMORANDUM

Pending are plaintiff's motions to add defendants. ECF 25; ECF 32. Plaintiff seeks to add unnamed defendants who he claims were responsible for denying him a referral to consult with Roy Carls, M.D. The motion is opposed by defendants. ECF 34.

Plaintiff also filed a "Motion to Supplement and Add Exhibits Memorandum" (ECF 37), which defendants move to strike as an improper surreply. ECF 38. Plaintiff opposes the motion to strike. ECF 39.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." F. R. Civ. P. 15(a)(2).

Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id*. Where the proposed amendment to the complaint appears to be a futility, however, this court has the discretion to deny leave to amend. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards. "[A] district court may

deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc*. 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

In my view, the proposed amendments would be futile. In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure that it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it . . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as an "exacting" one).

Other than alleging that the unnamed defendants were responsible for denying a request for plaintiff to be seen by a specialist, plaintiff has failed to allege any facts concerning the conduct of the unnamed defendants. "[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998). Without an allegation that a doctor linked symptoms

with the presence of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id*. at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

Plaintiff has failed to allege sufficient facts to state a claim of deliberate indifference against the unnamed defendants and, as such his motions to amend will be denied.

Given plaintiff's self-represented status, plaintiff's motion to supplement will be granted and the additional materials will be considered as a supplemental opposition to the pending dispositive motion. Therefore, the defendants' motion to strike (ECF 38) will be denied.

An Order follows.

Date: November 30, 2018　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　United States District Judge